UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BECKY FISK,

         Plaintiff,

 and

LINDA BOWMAN; et al.,

         Plaintiffs-Appellants,

v.

JAY INSLEE, Governor; et al.,

         Defendants-Appellees.

No.   17-35957

D.C. No. 3:16-cv-05889-RBL
Western District of Washington,
Tacoma

ORDER

Before:  GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

An amended memorandum disposition is simultaneously filed with this order to delete the sentence that reads "Resolving this revised claim would require determining whether Appellants' initial agreement with SEIU qualified as a knowing, voluntary, and intelligent waiver." The footnote that appeared at the end of this sentence is also deleted.  With the filing of the amended memorandum disposition, SEIU's petition for panel rehearing is DENIED as moot.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BECKY FISK,

              Plaintiff,

 and

LINDA BOWMAN; et al.,

              Plaintiffs-Appellants,

v.

JAY INSLEE, Governor; et al.,

              Defendants-Appellees.

No.   17-35957

D.C. No. 3:16-cv-05889-RBL

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 3, 2018
Seattle, Washington

Before:  GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellants Linda Bowman, Nathaniel Israel, and Susan Nott appeal the district court's order granting summary judgment to the State of Washington and the Service Employees International Union 775 (or "SEIU").  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we provide only a brief overview here.  Appellants are former SEIU members.  When they enrolled in the union, they signed membership cards that authorized SEIU to deduct union dues for at least a full year and provided the Appellants could opt out of dues payments only during a 15-day window each year (the "dues irrevocability provision").  Each of the Appellants resigned from the union before their dues authorizations elapsed, and the union continued to deduct dues from their paychecks until the full year had passed or the appropriate 15-day window arrived.  Appellants brought a putative class action alleging violations of their First and Fourteenth Amendment rights because they were unable to immediately cease dues contributions when they resigned.

1. Appellants' non-damages claims are not moot.  Although no class has been certified and SEIU and the State have stopped deducting dues from Appellants, Appellants' non-damages claims are the sort of inherently transitory claims for which continued litigation is permissible.  *See Gerstein v. Pugh*, 420

2

U.S. 103, 111 n.11 (1975) (deciding case not moot because the plaintiff's claim would not last "long enough for a district judge to certify the class"); *see also County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991). Indeed, claims regarding the dues irrevocability provision would last for at most a year, and we have previously explained that even three years is "too short to allow for full judicial review." *Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1019 (9th Cir. 2010). Accordingly, Appellants' non-damages claims are not moot simply because the union is no longer deducting fees from Appellants.

2. Appellees' deduction of union dues in accordance with the membership cards' dues irrevocability provision does not violate Appellants' First Amendment rights. Although Appellants resigned their membership in the union and objected to providing continued financial support, the First Amendment does not preclude the enforcement of "legal obligations" that are bargained-for and "self-imposed" under state contract law. *Cohen v. Cowles Media Co.*, 501 U.S. 663, 668-71 (1991). The provisions authorizing the withholding of dues and making that authorization irrevocable for certain periods were in clear, readable type on a simple one-page form, well within the ken of unrepresented or lay parties. Moreover, temporarily irrevocable payment authorizations are common and enforceable in many consumer contracts—e.g., gym memberships or cell phone

3

contracts—and we conclude that under state contract law those provisions should be similarly enforceable here.

Appellants' complaint expressly challenges only the dues irrevocability provision and the continued deduction of dues after Appellants resigned. In the wake of *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), Appellants now wish to argue that their consent to the deduction of dues was impermissible from the outset and violated their First Amendment rights.

Importantly however, this claim is not properly before us and so we need not address the adequacy of Appellants' putative waivers. As Appellants' counsel himself acknowledged at oral argument, this broader claim is a departure from the actual allegations of the complaint, which was never amended. Nowhere in the complaint do Appellants allege that they did not initially consent to the dues deductions, nor did they object to any fees deducted prior to their resignations or seek recovery of pre-resignation dues deductions. Appellants are necessarily bound by the allegations and claims in their complaint. *See Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 510-11 (9th Cir. 2013) (declining to consider a new argument that would effectively qualify as an attempt to amend the operative complaint on appeal). Because Appellants' complaint impliedly

4

concedes that they initially agreed to pay union dues and only objects to later attempts to escape the terms of that membership card agreement, we need not inquire into whether Appellants' initial decision to enter into the agreement constituted an adequate waiver.

Accordingly, we affirm the district court's order granting summary judgment to Washington state and SEIU.

**AFFIRMED.**